MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
ONE WILSHIRE BUILDING
624 S. GRAND AVENUE, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
TELEPHONE 213-629-7600
FACSIMILE 213-624-1376

Susan J. Field (State Bar No. 086200)
s.field@musickpeeler.com
Chad A. Westfall (State Bar No. 208968)
c.westfall@musickpeeler.com

Attorneys for Plaintiff,
NEW YORK MARINE AND
GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE NESS; CRIME DON'T PAY, INC.; BLACK KAT KUSTOMS<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

Plaintiff, New York Marine and General Insurance Company ("New York Marine"), for its Complaint against Mike Ness, an individual ("Ness"); Crime Don't Pay, Inc.; and Black Kat Kustoms alleges as follows.

## INTRODUCTION

As more fully set forth below, this action arises from an underlying action filed by Timothy Hildebrand, which alleges that – during a concert in which he was performing – Mike Ness, lead member of a punk rock band named "Social Distortion," called Hildebrand forward towards the stage, and first spit on him and then "leapt from the stage" and "began using his fists and body parts to punch, hit

1. and strike, and/or pummel [Hildebrand] in the face, head and body." Plaintiff alleges that "while Mike Ness was physically beating Plaintiff, defendants including but not limited to security personnel employed by Defendants physically restrained Plaintiff and/or hit and battered him and rendered Plaintiff unable to defend himself as he suffered the onslaught of vicious physical blows by Mike Ness…" California law is unequivocal. General liability insurance policies, like those at issue here, simply do not insure willful, intentional, deliberate acts – and specifically do not provide coverage for assault and battery – such as allegedly committed by Mike Ness. *Delgado v. Interinsurance Exch. of Auto. Club of S. California*, 47 Cal. 4th 302, 312 (2009). Accordingly, New York Marine has no duty to defend or indemnify as to the Action, defined below.

## THE PARTIES

1. New York Marine is a corporation organized and existing under the laws of the State of New York, having its principal place of business in New Jersey, and is and was at all times mentioned herein qualified to do business in California.

2. New York Marine is informed and believes that Ness is an individual who is a resident of the State of California, owns property in California and does business in California, including performing as further discussed below.

3. New York Marine is informed and believes that Crime Don't Pay, Inc. is a business entity domiciled in California with its principal place of business and doing business in California

4. New York Marine is informed and believes that Black Kat Kustoms is a dba of Mike Ness and is or was a business entity doing business in California.

5. New York Marine is informed and believes, and thereupon alleges, that Social Distortion is not a business entity.

6. New York Marine is informed and believes, and thereupon

alleges, that at all times mentioned herein, each Defendant, whether actually or fictitiously named herein, was the agent of one or more of the other Defendants named herein and that each such Defendant is jointly and severally responsible for the acts complained of herein.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs and any claim for punitive damages.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because the events and facts giving rise to the Action took place in Sacramento and the Action, as defined below, is pending in Sacramento.

## THE NEW YORK MARINE INSURANCE POLICY

9. New York Marine issued Commercial General Liability Policy No. PK201700009189 to first Named Insured, Crime Don't Pay, Inc., effective for the period December 4, 2018 to December 4, 2019 (the "Primary Policy"), a copy of which is attached hereto as Exhibit "A." The Primary Policy expressly also identifies Mike Ness dba Black Kat Kustoms as a Named Insured. "Social Distortion" is not named as an insured in the Primary Policy.

10. New York Marine issued Umbrella Liability Policy No. UM201700004877 to first Named Insured, Crime Don't Pay, Inc., effective for the period December 4, 2018 to December 4, 2019 (the "Umbrella Policy"), a copy of which is attached hereto as Exhibit "B." The Umbrella Policy expressly identifies Mike Ness dba Black Kat Kustoms as a Named Insured. "Social Distortion" is not named as an insured in the Umbrella Policy.

## THE ACTION

11. On or about July 21, 2017, a Complaint was filed in the County of Sacramento, State Of California bearing Case No. 34-2019-00260799, captioned

1  *Timothy Hildebrand v. Mike Ness, et al.* (the "Action"), a copy of which is attached
2  hereto as Exhibit "C" (the "Complaint"). Among those named as Defendants were
3  Mike Ness, Social Distortion, Crime Don't Pay, Inc. and Black Kat Kustoms.

4        12.   The Complaint contains Eight Causes of Action for: Assault
5  (First Cause of Action); Battery (Second Cause of Action); False Imprisonment
6  (Third Cause of Action); Intentional Infliction of Emotional Distress (Fourth Cause
7  of Action); Negligent Infliction of Emotional Distress (Fifth Cause of Action);
8  Violation of Civil Code Sect. 52.1 and 52.b (Sixth Cause of Action); Violation of
9  Civil Code Sections 51.7, 52 and 52(b) (Seventh Cause of Action); and Negligence
10 (Eighth Cause of Action).

11       13.   The Complaint in the Action alleges that Hildebrand was injured
12 during a concert on July 19, 2018 at the Ace of Spades concert venue at 1417 R.
13 Street, Sacramento, CA. The Complaint alleges that Mike Ness is the lead singer of
14 the band, "Social Distortion" who was performing at the Ace of Spades. Plaintiff
15 was allegedly "standing on the floor of the concert venue, below the stage,
16 numerous paces away from the front of the stage." (Complaint ¶29.) Plaintiff
17 alleges that during the concert Mike Ness began making anti-conservative political
18 statements to the audience which resulted in Hildebrand responding that he, "had
19 not attended DEFENDANTS' musical performance to hear political views." (*Id.*)
20 Plaintiff alleges that Mike Ness "invited" Plaintiff to approach the front of the venue
21 near the stage." (*Id.*) Plaintiff alleges that, as Plaintiff was walking towards the
22 stage, Ness:

23       spit at and/or on Plaintiff. Then without provocation or
24       justification, Mike Ness removed his guitar and leapt from
25       the stage onto Plaintiff or very near Plaintiff. Mike Ness
26       then began using his fists and body parts to punch, hit,
27       strike, and/or pummel Plaintiff in the face, head and body
28 (*Id.*) Plaintiff further alleges that:

> While Mike Ness was physically beating Plaintiff, defendants including but not limited to security personnel employed by Defendants physically retrained Plaintiff and/or hit and battered him and rendered Plaintiff unable to defend himself as he suffered the onslaught of vicious physical blows by Mike Ness..."

(*Id.*) Plaintiff alleges that, as a result of this assault, Plaintiff suffered injury (e.g., Complaint ¶39.)

14. Defendants, including Ness, tendered the defense of the Action to New York Marine. Notwithstanding that New York Marine believes that no duty to defend or indemnify is owed, New York Marine has agreed to provide a defense to Mike Ness, Crime Don't Pay, Inc. and Black Kat Kustoms against the Action, on a prophylactic basis, and subject to a complete reservation of New York Marine's rights, including its rights to, *inter alia,* seek reimbursement from each of the Defendant any and all sums that New York Marine pays toward the defense and/or indemnification in connection with the Action.

## FIRST CAUSE OF ACTION
### Declaratory Relief – No Duty To Defend the Action
### (Against all Defendants)

15. New York Marine hereby incorporates Paragraphs 1 through 14 above, as though they were fully set forth herein.

16. New York Marine is informed and believes, and based thereon alleges, that each of the Defendants contend that the Primary Policy and/or the Umbrella Policy affords coverage, including but not limited to a duty to defend, for Defendants' defense in connection with the Action.

17. New York Marine disputes that the Action is even potentially covered by the Policy, such that New York Marine does not owe, and has never owed, a duty to defend any of the Defendants in the Action because, among other

things:

    a)    New York Marine is only obligated to defend a suit seeking damages and/or to pay damages because of "bodily injury" caused by an "occurrence," which is defined to require an accident and the events alleged in the Action – the alleged deliberate assault and battery of plaintiff by Ness – are not the result of an "accident";

    b)    The Policy excludes coverage for " 'bodily injury' … expected or intended from the standpoint of the insured" and that any injuries that may have been sustained by Plaintiff as a result of the alleged deliberate assault and battery and related conduct alleged as against Defendants – were both expected and intended;

    c)    The Policies provide coverage only to the Named Insureds and to those qualifying as "insureds". Mike Ness is identified an a Named Insured, but only as far as he is a doing business as "Black Kat Kustoms." At the time of the events alleged by Plaintiff, and specifically in coming down off the stage and deliberately assaulting Plaintiff, Ness was not acting on behalf of Black Kat Kustoms. Even then, he is only an insured "with respect to the conduct of a business of which you are the sole owner." New York Marine is informed and alleges that, at the time of assaulting Plaintiff, he was not acting in the "conduct of the business." Further, although Crime Don't Pay, Inc. is a Named Insured, in assaulting Plaintiff as alleged, Ness was also not acting in the course and scope of his duties for Crime Don't Pay, Inc.;

    d)    The test of a duty to defend are the allegations and/or evidence in the Action, not how a third party plaintiff frames the claim or identifies a cause of action. New York Marine is informed and alleges that the Action does not allege any facts, nor are there any extrinsic facts, for which a duty to defend arises under the Policies and/or the Action specifically alleges facts and claims for which no duty to defend exists under the Policies; and

e) Insurance Code section 533 precludes coverage for "willful misconduct." New York Marine is informed and alleges that Ness' actions as described in the Complaint in assaulting Plaintiff were "willful misconduct" as described by the statute.

18. An actual controversy exists between New York Marine and each of the Defendants regarding their respective rights and obligations under the Policies in connection with the defense of the Action. New York Marine requests a judicial declaration pursuant to 28 U.S.C. §§ 2201-2202 that it is not obligated to defend any of the Defendants connection with the Action, or to otherwise contribute toward their defense, and that such duties never arose. The requested declarations are necessary and proper at this time so that the Parties will be bound by the same interpretation of the Policies, and adjudication of their rights and obligations, if any.

## SECOND CAUSE OF ACTION

### Declaratory Relief – No Duty To Indemnify the Action

### (Against all Defendants)

19. New York Marine hereby incorporates Paragraphs 1 through 17 above, as though they were fully set forth herein.

20. New York Marine is informed and believes, and based thereon alleges, that each of the Defendants contends that the Policy affords coverage for such Defendant's indemnity in connection with the Action.

21. New York Marine disputes that the Action is even potentially covered by the Policy, such that New York Marine does not owe, and has never owed, a duty to indemnify any of the Defendants in connection with that matter because, among other things:

a) New York Marine is only obligated to indemnify for damages because of "bodily injury" caused by an "occurrence," which is defined to require an accident and the events alleged in the complaint – the alleged deliberate assault of plaintiff by Ness– are not the result of an "accident";

b) The Policy excludes coverage for " 'bodily injury' ... expected or intended from the standpoint of the insured" and that any injuries that may have been sustained by Plaintiff as a result of the alleged deliberate assault and battery and related conduct by defendants – were both expected and intended;

c) The Policies provide coverage only to the Named Insureds and as those qualifying as "insureds", pursuant to the terms of the Policies. Mike Ness is identified an a Named Insured as far as he is a doing business as "Black Kat Kustoms." At the time of the events alleged by Plaintiff, and specifically in coming down off the stage and deliberately assaulting Plaintiff, Ness was not acting on behalf of Black Kat Kustoms. Even then, he is only an insured "with respect to the conduct of a business of which you are the sole owner." New York Marine is informed and alleges that, at the time of assaulting Plaintiff, he was not acting in the "conduct of the business." Further, although Crime Don't Pay, Inc. is a Named Insured, in assaulting Plaintiff as alleged, Ness was not acting in the course and scope of his duties for Crime Don't Pay, Inc.;

d) The test of a duty to defend are the allegations and/or evidence in the Action, not how a third party plaintiff frames the claim or identified a cause of action – New York Marine is informed and alleges that the Action does not allege any facts for which a duty to indemnify arises under the Policies and/or specifically alleges facts and claims for which no duty to defend exists under the Policies. Accordingly, there is also no duty to indemnify any of the Defendants with respect to the claims alleged in the Action; and

e) Insurance Code section 533 precludes coverage for "willful misconduct." New York Marine is informed and alleges that Ness' actions as described in the Action in assaulting Plaintiff were "willful misconduct" as

described by the statute.

22. An actual controversy exists between New York Marine and each of the Defendants regarding their respective rights and obligations under the Policy in connection with the defense and indemnity of the Action. New York Marine requests a judicial declaration pursuant to 28 U.S.C. §§ 2201-2202 that it is not obligated to indemnify, in whole or part in connection with the Action. The requested declarations are necessary and proper at this time so that the parties will be bound by the same interpretation of the Policies, and adjudication of their rights and obligations, if any.

## THIRD CAUSE OF ACTION

### Reimbursement

### (Against all Defendants)

23. New York Marine hereby incorporates Paragraphs 1 through 22 above, as though they were fully set forth herein.

24. As alleged above, New York Marine has agreed to provide a defense to Defendants against the Action, on a prophylactic basis and subject to a complete reservation of New York Marine's rights. Among the rights reserved by New York Marine is the right to seek reimbursement of any amounts that New York Marine pays toward the defense and/or indemnification of the Action.

25. New York Marine contends that the allegations in the Action were never either potentially or actually covered by the Policies. As such, New York Marine is entitled to a declaration of its right to reimbursement and an order of reimbursement of all sums it has paid toward the defense and/or indemnification of the Defendants in connection with the Action.

## PRAYER FOR RELIEF

**WHEREFORE,** New York Marine prays for judgment as follows:

1. For a declaration and judgment, binding on all Parties to this action, that New York Marine has no obligation, in whole or in part, under the

1  Policy to defend Defendants, singly or collectively, in connection with the Action;

2. For a declaration and judgment, binding on all Parties to this action, that New York Marine has no obligation, in whole or in part, under the Policies to indemnify Defendants, singly or collectively, in connection with the Action;

3. For a declaration and judgment, binding on all Parties to this action, that each and all of the Defendants are jointly and severally liable to reimburse New York Marine for any and all sums paid by New York Marine toward the defense and/or indemnification of Defendants, or any of them, in connection with the Action;

4. For a judgment as to each and all of the Defendants for reimbursement to New York Marine for any and all sums paid, or to be paid by New York Marine toward the defense and/or indemnification of Defendants, or any of them, in connection with the Action;

5. For all costs of suit; and

6. For such other and further relief as the Court deems just and proper.

DATED: April 10, 2020             MUSICK, PEELER & GARRETT LLP

By: /S/Susan J. Field
    Susan J. Field
    Attorneys for Plaintiff,
    NEW YORK MARINE AND GENERAL
    INSURANCE COMPANY